(May 11, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SMITH, Appellant. [708 NYS2d 485] —Spain, J. P. Appeal from a judgment of the County Court of Greene County (Pulver, Jr., J.), rendered December 22, 1998, convicting defendant upon his plea of guilty of the crime of sodomy in the first degree.

In January 1996 defendant was charged in separate felony

complaints with engaging in acts of sexual misconduct with two children in his family in 1993. At his arraignment he was released on his own recognizance and child abuse proceedings were thereafter commenced in Family Court. By letter dated May 24, 1996 defendant's attorney informed the prosecutor that—for the good of the children and with a view toward disposing of the charges through a negotiated plea—defendant would not challenge the relief sought in Family Court and that, "[b]ased upon discussions with our client, and further based upon what would serve the best interests of our client, regarding pending Greene County Court matters, we waive our speedy trial rights relative to an indictment herein. This shall remain in effect until we send you notice by general mail that said speedy trial right waiver has terminated." There is no evidence in the record that the defense ever sent a notice terminating this waiver.

On December 18, 1996, a Grand Jury returned an indictment charging defendant with sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree and sexual abuse in the second degree. Defendant was arraigned on the indictment in County Court on January 14, 1997 at which time the People expressed their readiness for trial and defendant's release on his own recognizance was continued. In May 1997, defendant and the prosecutor agreed to a disposition which was rejected by County Court, and the matter was set for a June 25, 1997 trial. When the parties appeared for trial, the prosecutor reported his unwillingness to prosecute because there were problems in the People's case pertaining to proof and that the parties had again agreed to a disposition in which defendant would receive one year in jail. County Court again rejected the dispositional proposal and adjourned the matter for pretrial motions. In October 1997, in the absence of any motions, County Court rescheduled the trial date to January 6, 1998, on which date the prosecutor reiterated his unwillingness to proceed to trial on the indictment and his desire to accept a plea with a one-year sentence.* Shortly thereafter, in a separate matter, defendant pleaded guilty in Greenville Town Justice Court to a misdemeanor and began serving a sentence of one year in jail.

On August 17, 1998, with defendant's one-year sentence

---

* On January 7, 1998, County Court appointed a special prosecutor to pursue the indictment based upon the prosecutor's unwillingness to proceed. In response, the prosecutor commenced a CPLR article 78 proceeding seeking to prohibit enforcement of County Court's order and, in July 1998, this Court granted the petition vacating County Court's order (*Matter of Cloke v Pulver*, 243 AD2d 185).

nearing completion, a bail hearing was held on County Court's own motion and defendant was held in lieu of $25,000 cash bail while awaiting trial on the charges in the indictment. The matter next came before County Court on October 13, 1998 on defendant's motion to, *inter alia*, dismiss the indictment on speedy trial grounds. County Court denied the motion but granted the prosecutor's motion to amend the indictment to change the dates of the incidents in each count and to reflect the same victim in each count. A new trial date of October 27, 1998 was scheduled and on that date defendant pleaded guilty to sodomy in the first degree and was thereafter sentenced to 4 to 12 years' imprisonment. The plea was entered with the express understanding that defendant waived his right to appeal and that he withdrew all motions made or which could have been made on his behalf. Defendant now appeals arguing that, *inter alia*, he has been denied his statutory and constitutional speedy trial rights.

We affirm. By pleading guilty, defendant waived appellate review of his statutory right to a speedy trial under CPL 30.30 (*see, People v Du Pont*, 268 AD2d 612; *People v Jarvis*, 245 AD2d 579, *lv denied* 92 NY2d 899; *People v Duff*, 216 AD2d 689). However, defendant's right to raise his constitutional right to a speedy trial survives both his guilty plea and the waiver of his right to appeal (*see, People v Allen*, 86 NY2d 599, 602; *People v Seaberg*, 74 NY2d 1, 9). In addressing the constitutional speedy trial challenge we have applied the factors set forth in *People v Taranovich* (37 NY2d 442) to the facts in this case, and we find defendant's assertions to be without merit, especially in light of the May 24, 1996 open-ended waiver of his speedy trial rights, his participation in the continuing plea negotiations from the outset as well as the fact that he remained free—on his own recognizance—throughout most of the time during which the charges were pending (*see, id.*, at 445; *see also, People v Savage*, 54 NY2d 697).

We also reject defendant's contention that the Trial Judge—who also presided over the related proceedings in Family Court and who refused to accept the original plea agreement—should have recused himself. "Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal * * * [and a] court's decision in this respect may not be overturned unless it was an abuse of discretion" (*People v Moreno*, 70 NY2d 403, 405-406). "Recusal, as a matter of due process, is required only where there exists a direct, personal, substantial or pecuniary interest in reaching a particular conclusion * * * or where a clash in judicial roles is seen to exist" (*People v Alomar*, 93 NY2d 239, 246 [citation omitted]).

Here, there is no evidence in the record to support the disqualification of the Trial Judge from properly presiding over both the Family Court proceedings and the County Court criminal charges pertaining to the same incidents (see, *People v Moreno, supra,* at 405-406). Moreover, County Court was not required to accept defendant's initial guilty plea merely because the plea bargain had been found acceptable to both the prosecution and defense. The Trial Judge "may reject a plea offer in the exercise of sound judicial discretion" (*People v Washington,* 229 AD2d 726, 727, *lv denied* 88 NY2d 1025). Accordingly, County Court did not abuse its discretion in refusing to recuse itself.

Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.