Kane, J.
Appeal from a judgment of the Supreme Court (Teresi, J.), rendered April 25, 2002 in Rensselaer County, convicting defendant upon his plea of guilty of the crimes of sexual abuse in the first degree and criminal possession of a controlled substance in the fifth degree.
Defendant pleaded guilty to sexual abuse in the first degree and criminal possession of a controlled substance in the fifth degree in full satisfaction of a seven-count indictment. As part of the plea agreement, defendant waived his right to appeal. He was thereafter sentenced, in accordance with the plea agreement, to a two-year prison term on the sexual abuse conviction, to be followed by a three-year period of postrelease supervision, and a concurrent one-year jail term on the criminal possession conviction. Defendant now appeals.
Initially, we note that defendant’s assertions of judicial bias, ineffectiveness of counsel and excessive sentence are encompassed by his voluntary waiver of the right to appeal (see People v Hidalgo, 91 NY2d 733, 737 [1998]; People v Bier, 307 AD2d 649, 650 [2003], lv denied 100 NY2d 618 [2003]; People v De Berardinis, 304 AD2d 914, 915-916 [2003], lv denied 100 NY2d 580 [2003]; People v Anderson, 304 AD2d 975, 976 [2003], lv denied 100 NY2d 578 [2003]). In addition, defendant is precluded from challenging the voluntariness of the plea by his failure to either move to withdraw the plea or to vacate the judgment of conviction (see People v Harris, 308 AD2d 659 [2003]; People v De Berardinis, supra at 915). In any event, were we to address any of these claims, we would find them all to be without merit. Notably, the judge who defendant asserts was biased and should have recused himself presided only over that portion of the proceedings relating to bail, not the plea or sentencing. The record discloses that defendant’s trial counsel provided meaningful representation and his failure to request recusal of the judge does not, under the circumstances pre *800 sented, establish ineffectiveness. In addition, the transcript of the plea proceedings reveals that defendant entered a knowing, voluntary and intelligent plea after being advised of the consequences of entering a plea and communicating his understanding, as well as his satisfaction with counsel. Finally, considering the nature of the crimes and defendant’s criminal history, we perceive no extraordinary circumstances warranting a reduction of the sentence in the interest of justice (see People v Echandy, 306 AD2d 693, 694 [2003], lv denied 100 NY2d 620 [2003]).
Cardona, P.J., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.