■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT F. WHITE, Appellant. [916 NYS2d 652]—

McCarthy, J. Appeal from a judgment of the County Court of Cortland County (Campbell, J.), rendered October 22, 2009, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree, waived his right to appeal and was sentenced as a second felony offender to the negotiated prison term of four years followed by three years of postrelease supervision. Defendant appeals and we affirm.

Defendant's claim of judicial bias is foreclosed by his valid appeal waiver (*see People v Kilgore*, 45 AD3d 886, 887 [2007], *lv denied* 10 NY3d 767 [2008]; *People v McCafferty*, 1 AD3d 799, 799 [2003], *lv denied* 2 NY3d 743 [2004]) and unpreserved for our review given his "failure to make a motion or otherwise request County Court to recuse itself from the case" (*People v Rizzo*, 5 AD3d 924, 925 [2004], *lv denied* 3 NY3d 646 [2004]; *see People v Mao-Sheng Lin*, 50 AD3d 1251, 1253 [2008], *lv denied* 10 NY3d 961 [2008]). In any event, were we to review the claim, we would find it unavailing (*see generally People v Smith*, 272 AD2d 679, 681-682 [2000], *lv denied* 95 NY2d 938 [2000]).

Defendant's assertion that County Court erred by allowing the prosecution to participate in the plea allocution is also unpreserved since he did not move to withdraw the plea or vacate the judgement of conviction (*see People v Montanez*, 287 AD2d 407, 408 [2001], *lv denied* 97 NY2d 685 [2001]; *People v Bonneau*, 142 AD2d 890, 890 [1988], *lv denied* 73 NY2d 889 [1989]).

Cardona, P.J., Peters, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.