Devine, J.
Appeals (1) from a judgment of the Supreme Court (Lawliss, J.), rendered November 26, 2012 in Clinton County, convicting defendant upon his plea of guilty of the crime of predatory sexual assault against a child, and (2) by permission, from an order of said court, entered April 5, 2016 in Clinton County, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
*1460 Defendant pleaded guilty to predatory sexual assault against a child pursuant to a negotiated plea agreement that included a waiver of appeal. In accordance with that agreement, defendant was sentenced to a prison term of 20 years to life. Defendant subsequently moved pursuant to CPL article 440 to vacate the judgment of conviction, claiming, among other things, that Supreme Court erred in failing to sua sponte recuse itself from this matter because it presided over a prior neglect proceeding in which defendant’s improper conduct with the victim played a major role. Supreme Court denied the motion to vacate without a hearing. Defendant now appeals from the judgment of conviction and, with permission, from the order denying his motion to vacate.
Defendant’s contention on direct appeal that Supreme Court should have recused itself is unpreserved for our review given defendant’s failure to move for that relief or otherwise raise the issue before Supreme Court (see People v White, 81 AD3d 1039, 1039 [2011]; People v Mabry, 27 AD3d 835, 836 [2006]). Moreover, having validly waived his right to appeal, he is foreclosed from advancing the argument on direct appeal (see People v White, 81 AD3d at 1039; People v McCafferty, 1 AD3d 799, 799 [2003], lv denied 2 NY3d 743 [2004]). To that end, the record reflects that the court adequately explained the right to appeal and the consequences of an appeal waiver and ascertained that defendant understood them, after which defendant signed a written appeal waiver in open court (see People v Lopez, 6 NY3d 248, 256 [2006]). Defendant’s related claim on direct appeal that counsel was ineffective for failing to move for recusal is unpreserved for our review, as defendant did not raise this claim at any point in Supreme Court or move to withdraw his guilty plea on this ground (see People v Austin, 141 AD3d 956, 957-958 [2016]; People v O’Neill, 116 AD3d 1240, 1241 [2014]).
Defendant advanced the bias claim in his CPL article 440 motion as well, relying upon an order issued by Supreme Court in the related neglect proceeding concluding that defendant had “raped” the child, which defendant contends constituted a prejudgment of his guilt in this matter and required recusal. Where, as here, the “basis for recusal does not involve a mandatory statutory disqualification pursuant to Judiciary Law § 14, the trial judge was the sole arbiter regarding recusal” (People v Shultis, 61 AD3d 1116, 1117 [2009], lv denied 12 NY3d 929 [2009]). The record before us does not support the conclusion that Supreme Court’s dual role in both the neglect proceeding and this criminal matter, which was entirely appropriate under *1461 the rules governing the Integrated Domestic Violence part of Supreme Court, was improper in any respect (see People v Kenyon, 108 AD3d 933, 941 [2013], lv denied 21 NY3d 1075 [2013]; Matter of Karina U., 299 AD2d 772, 773 [2002], lv denied 100 NY2d 501 [2003]; People v Smith, 272 AD2d 679, 681-682 [2000], lv denied 95 NY2d 938 [2000]).
Finally, defendant was not denied meaningful representation due to trial counsel’s failure to request that Supreme Court recuse itself. Given the strong evidence of guilt and beneficial plea offer, as well as the unlikelihood such a request would have been granted, defendant has not demonstrated “the absence of strategic or other legitimate explanations” for counsel’s decision not to seek recusal (People v Wragg, 26 NY3d 403, 409 [2015]; see People v Stahl, 141 AD3d 962, 966-967 [2016], lv denied 28 NY3d 1127 [2016]). Accordingly, Supreme Court properly denied defendant’s motion without a hearing (see CPL 440.30 [4]).
McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.
Ordered that the judgment and order are affirmed.