People v Douglas (2019 NY Slip Op 00502)





People v Douglas


2019 NY Slip Op 00502


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

108936

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEITH DOUGLAS, Appellant.

Calendar Date: January 4, 2019

Before: Garry, P.J., Egan Jr., Mulvey, Devine and Aarons, JJ.


George J. Hoffman Jr., East Greenbush, for appellant.
P. David Soares, District Attorney, Albany (Noel Mendez of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered October 19, 2016, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.
Defendant, who suffers from substance abuse issues, was charged in a three-count indictment with various drug offenses. After it was determined that he was ineligible for the judicial diversion program, defendant agreed to plead guilty to one count of criminal possession of a controlled substance in the fourth degree with the understanding that he would be sentenced to four years in prison followed by three years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Defendant thereafter pleaded guilty — in full satisfaction of the indictment — to one count of criminal possession of a controlled substance in the fourth degree, and the matter was adjourned for sentencing. At defendant's request, sentencing was briefly adjourned to explore his eligibility for shock incarceration. After it was determined that defendant was ineligible for that program, County Court sentenced defendant, as an admitted second felony offender, to the agreed-upon term of imprisonment. This appeal ensued.
Defendant's challenge to the validity of his appeal waiver is unpersuasive. Although County Court did not utilize the words "separate and distinct" to describe defendant's appellate rights, the court was not required to engage in any particular colloquy or utter any specific words in order to ensure that defendant's waiver of the right to appeal was knowing, intelligent and voluntary (see People v Walker, 166 AD3d 1393, 1393 [2018]; People v Franklin, 164 AD3d 1547, 1548 [2018]). County Court explained that, "in addition to the waiver of [his] trial rights," the plea agreement also required defendant to "waive [his] right to appeal . . . both the conviction and the sentence" — provided the sentence was in accord with the terms of the plea agreement. In so doing, County Court did not impermissibly "lump[ the appeal waiver] into the panoply of rights normally forfeited upon a guilty plea" (People v Hartfield, 151 AD3d 1116, 1117 [2017] [internal quotation marks and citation omitted], lv denied 29 NY3d 1127 [2017]). Defendant assured the court that he understood and, after conferring with counsel, signed a written waiver in [*2]open court, "which explained that [defendant] ordinarily retained the right to appeal and adequately reinforced the consequences of relinquishing that right" (People v Johnson, 153 AD3d 1031, 1032 [2017], lv denied 30 NY3d 980 [2017]). In response to County Court's further questioning, defendant stated that he reviewed the waiver with counsel prior to signing it, understood its contents and agreed to be bound by its terms. Under these circumstances, we are satisfied that County Court adequately explained the nature of the waiver and thereafter ascertained that defendant understood and appreciated the ramifications and consequences thereof (see People v Franklin, 164 AD3d at 1548; People v Garrow, 148 AD3d 1459, 1460 [2017], lv denied 29 NY3d 1031 [2017]; People v Gilbert, 145 AD3d 1196, 1196-1197 [2016], lvs denied 28 NY3d 1184, 1187 [2017]. Accordingly, defendant's combined oral and written waiver of the right to appeal was valid. Given the valid appeal waiver, defendant's claim that the agreed-upon sentence imposed was harsh and excessive is precluded (see People v Muller, 166 AD3d 1240, 1241 [2018]).
Garry, P.J., Egan Jr., Mulvey, Devine and Aarons, JJ., concur.
ORDERED that the judgment is affirmed.