People v Palmer (2019 NY Slip Op 05716)





People v Palmer


2019 NY Slip Op 05716


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

106879

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SAMUEL PALMER III, Appellant.

Calendar Date: June 7, 2019

Before: Egan Jr., J.P., Lynch, Mulvey, Devine and Rumsey, JJ.


Cappy Weiner, Kingston, for appellant.
James R. Farrell, District Attorney, Monticello (Meagan K. Galligan of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 16, 2014, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (two counts), grand larceny in the third degree (two counts) and criminal possession of a weapon in the second degree (six counts).
In March 2013, defendant was charged by indictment with burglary in the second degree (two counts), grand larceny in the third degree (two counts) and criminal possession of a weapon the second degree (six counts). The charges stemmed from two residential burglaries, during the course of which defendant was alleged to have stolen, among other things, jewelry and a number of firearms. Defendant ultimately pleaded guilty to the indictment with the understanding that his sentencing exposure would be capped at 12 years in prison, with up to five years of postrelease supervision. Prior to sentencing, defendant successfully requested new counsel, and his newly assigned counsel filed a motion to withdraw defendant's plea. County Court denied the motion and sentenced defendant to concurrent prison terms of 12 years followed by five years of postrelease supervision on each of the burglary and weapon convictions and to lesser concurrent prison terms on the grand larceny convictions. Defendant appeals.
We affirm. Defendant initially contends that County Court should have recused itself from presiding over this matter because of an alleged familial relationship between the court and one of the investigating state troopers. Initially, we note that defendant did not raise this argument before County Court, and it is therefore unpreserved for our review (see People v Garrow, 148 AD3d 1459, 1460 [2017], lv denied 29 NY3d 1031 [2017]; People v Reid, 97 AD3d 1037, 1038 [2012], lv denied 19 NY3d 1104 [2012]). In any event, this issue is more appropriately raised in the context of a CPL article 440 motion because resolution of such claim depends on matters outside the record (see e.g. People v Gorman, 165 AD3d 1349, 1350 [2018], lv denied 32 NY3d 1125 [2018]; People v Jackson, 159 AD3d 1276, 1277 [2018], lv denied 31 [*2]NY3d 1149 [2018]; People v Brown, 115 AD3d 1115, 1116 [2014], lv denied 24 NY3d 959 [2014]).
Defendant next challenges the voluntariness of his plea and makes a related claim that County Court abused its discretion in denying his subsequent motion to withdraw his plea. We find unpersuasive his argument that he felt pressured to take the plea and was not granted enough time to personally review the discovery materials provided in this matter. During his plea colloquy, defendant stated that he had been afforded sufficient time to confer with counsel, that he was satisfied with counsel's services and that he understood the trial-related rights that he was relinquishing (see People v Torres, 165 AD3d 1325, 1326 [2018], lv denied 32 NY3d 1210 [2019]; People v Carbone, 101 AD3d 1232, 1233 [2012]). In our view "the pressure to which defendant now contends that he was subjected amounts to the type of situational coercion faced by many defendants who are offered a plea deal, and it does not undermine the voluntariness of defendant's guilty plea" (People v Sparbanie, 158 AD3d 942, 944 [2018] [internal quotation marks, brackets and citations omitted], lv denied 31 NY3d 1087 [2018]; see People v Torres, 165 AD3d at 1326). As such, we find that defendant's plea was knowing, intelligent and voluntary. Further, absent record "evidence of innocence, fraud or mistake in the inducement" of the plea, we cannot say that County Court abused its discretion in denying defendant's motion to withdraw his plea without a hearing (People v Nealon, 166 AD3d 1225, 1226 [2018] [internal quotation marks and citations omitted]; see People v Jackson, 163 AD3d 1273, 1274-1275 [2018], lvs denied 32 NY3d 1063, 1065 [2018]).
Finally, turning to defendant's challenge to his sentence, we find no extraordinary circumstances or abuse of discretion warranting modification of the sentence imposed (see e.g. People v Alberts, 161 AD3d 1298, 1306 [2018], lv denied 31 NY3d 1114 [2018]; People v Leduc, 140 AD3d 1305, 1307-1308 [2016], lv denied 28 NY3d 932 [2016]). Defendant stood convicted of multiple violent felonies and was sentenced to concurrent prison terms, which resulted in a sentence that was less than the maximum permissible sentence (see Penal Law § 70.02 [1] [b]; [3] [b]; People v Zirpola, 171 AD3d 1245, 1248 [2019]; People v Harris, 162 AD3d 1240, 1244 [2018], lv denied 32 NY3d 937 [2018]). Defendant's remaining arguments, including his conclusory assertion that he was denied the effective assistance of counsel, have been examined and found to be lacking in merit.
Lynch, Mulvey, Devine and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.