People v Regan (2021 NY Slip Op 01808)





People v Regan


2021 NY Slip Op 01808


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

111697

[*1]The People of the State of New York, Respondent,
v
Walter J. Regan, Appellant.

Calendar Date: February 11, 2021

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Thomas H. Kheel, Ithaca, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Cassidy, J.), rendered October 26, 2018 in Tompkins County, upon a verdict convicting defendant of the crime of criminal contempt in the second degree.
In connection with a Family Court matter, an order of protection was issued against defendant directing that, among other things, he stay away from his spouse's residence. Thereafter, defendant went to the Tompkins County Sheriff's Office and informed a sergeant that he planned to violate the terms of the order of protection by staging a peaceful protest against, what he believed, were illegal and invalid court rulings against him in connection with the Family Court matter. Although the sergeant advised defendant against violating the order of protection, defendant thereafter went to his spouse's residence where he then called 911 to report that he was currently violating the order of protection. The sergeant was dispatched to the spouse's residence and defendant, who was standing in the driveway with his hands in the air, was arrested.
Defendant was subsequently charged with criminal contempt in the second degree. Following defendant's arraignment, the matter was transferred to Supreme Court and referred to the Integrated Domestic Violence part for further proceedings. Defendant moved, as is relevant to this appeal, for recusal of the trial judge on the grounds that he was biased and prejudiced. Supreme Court denied the motion for recusal. Following the jury trial, defendant was found guilty of criminal contempt in the second degree and was sentenced to 10 months in jail. Defendant appeals.
Defendant's sole contention is that Supreme Court improperly denied the motion for recusal because the court was biased and prejudiced against him. Recusal is not mandated as a matter of law "[w]hen the alleged impropriety arises from information derived during the performance of the court's adjudicatory function" (People v Moreno, 70 NY2d 403, 405 [1987]; see People v Morgan, 149 AD3d 1148, 1154-1155 [2017]). "Absent legal disqualification (see Judiciary Law § 14), which defendant does not allege, a [trial] judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (People v Kenyon, 108 AD3d 933, 941 [2013] [internal quotation marks and citation omitted], lv denied 21 NY3d 1075 [2013]; see People v Moreno, 70 NY2d at 405; People v Garrow, 148 AD3d 1459, 1460 [2017], lv denied 29 NY3d 1031 [2017]).
In support of his motion, defendant makes confusing assertions that the trial judge's bias is evidenced by his babysitter and former associate being tangentially involved in the Family Court matter. Defendant offers no further information as to how these individuals or their relationship influenced the Family Court matter or how it relates to the instant criminal matter other than to assert a general allegation of collusion. Defendant also contends[*2], without explanation, that the provision in the order of protection that he surrender all firearms somehow evinces Supreme Court's bias. In short, the foregoing allegations are insufficient to establish any bias on the part of Supreme Court against defendant in order to support the motion for recusal (see People v Morgan, 149 AD3d at 1155; People v Kenyon, 108 AD3d at 941-942; see generally People v Moreno, 70 NY2d at 407).
We are also unpersuaded by defendant's assertion that there was an appearance of impropriety because the trial judge presided over the Family Court matter prior to the instant offense. Defendant has not set forth, nor does our review of the record reveal, any evidence to support the conclusion that the trial judge was unable to impartially preside over this matter (see People v Morgan, 149 AD3d at 1155; People v Kenyon, 108 AD3d at 941). Accordingly, we find no abuse of discretion in Supreme Court denying defendant's recusal motion (see People v Moreno, 70 NY2d at 407; People v Morgan, 149 AD3d at 1155; People v Kenyon, 108 AD3d at 941-942).
Garry, P.J., Egan Jr., Lynch and Clark, JJ., concur.
ORDERED that the judgment is affirmed.