People v Durham (2021 NY Slip Op 04060)





People v Durham


2021 NY Slip Op 04060


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

111489
[*1]The People of the State of New York, Respondent,
v
Spencer B. Durham, Appellant.

Calendar Date:June 2, 2021

Before:Lynch, J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.

Carolyn B. George, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Taylor Fitzsimmons of counsel), for respondent.



Clark, J.
Appeal, by permission, from an amended order of the County Court of Washington County (Hall Jr., J.), entered May 31, 2019, which denied, among other things, defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of grand larceny in the third degree (two counts), scheme to defraud in the first degree and issuing a bad check (two counts), without a hearing.
Following a jury trial, defendant was convicted of the crimes of grand larceny in the third degree (two counts), scheme to defraud in the first degree and issuing a bad check (two counts) and was sentenced as a persistent felony offender to an aggregate prison term of 20 years to life. Upon defendant's direct appeal, this Court affirmed (148 AD3d 1293 [2017], lv denied 29 NY3d 1091 [2017]). In September 2018, defendant separately moved pro se to vacate the judgment of conviction pursuant to CPL 440.10 and to disqualify County Court from ruling upon the CPL article 440 motion. The People opposed the requested relief, and County Court denied defendant's motions without a hearing. When defendant advised the court that he neither received the People's papers in opposition nor a copy of the court's written decision and order, County Court afforded defendant additional time to file a reply and thereafter issued an amended decision and order, wherein the court again denied the requested relief. Defendant appeals, by permission, from County Court's amended order.
We affirm. With respect to defendant's disqualification motion, the case law makes clear that, absent a statutory basis for disqualification (see Judiciary Law § 14), which defendant does not allege, "a trial judge is the sole arbiter of recusal and his or her decision, which lies within the personal conscience of the court, will not be disturbed absent an abuse of discretion" (People v Regan, 192 AD3d 1393, 1394 [2021] [internal quotation marks, brackets and citations omitted], lv denied ___ NY3d ___ [May 25, 2021]; see People v Garrow, 148 AD3d 1459, 1460 [2017], lv denied 29 NY3d 1031 [2017]; People v Lee, 129 AD3d 1295, 1296 [2015], lv denied 27 NY3d 1001 [2016]).
The record before us does not contain any of the exhibits appended to defendant's recusal motion — documents that purportedly reflect, among other things, County Court's bias relative to the asserted denial of defendant's requests for investigative services and/or a psychiatric evaluation.[FN1] In any event, the substance of these requests was addressed and decided on the prior appeal, wherein we noted that County Court twice awarded defendant funds for investigative services — despite defendant's earlier failure to demonstrate why such services were necessary (148 AD3d at 1295). We also upheld the denial of defendant's request for funding for a psychiatric examination — citing, among other things, defendant's failure to provide timely notice of his intent to offer psychiatric evidence (id. at 1296). The balance of defendant's bias [*2]argument, which includes claims of judicial eyerolling and allegedly on-the-record accusations that defendant was feigning illness to delay his trial, is based solely upon defendant's self-serving affidavit and the speculative assertions contained therein. Absent record evidence to support defendant's claim of bias, we find no abuse of discretion in County Court's determination that recusal was unwarranted (see People v Moreno, 70 NY2d 403, 407 [1987]; People v Regan, 192 AD3d at 1394).
As to defendant's motion to vacate the judgment of conviction, "[t]he purpose served by a CPL article 440 motion is to inform a court of facts not reflected in the record and unknown at the time of the judgment. By its very nature, the procedure cannot be used as a vehicle for an additional appeal" (People v Spradlin, 192 AD3d 1270, 1273 [2021] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [May 24, 2021]). "On a motion to vacate a judgment of conviction, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Gassner, 193 AD3d 1182, 1185 [2021] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [May 25, 2021]; see People v Marte-Feliz, 192 AD3d 1397, 1397-1398 [2021]). Consistent therewith, "[a] court may deny a CPL 440.10 motion without a hearing where an allegation of fact essential to support the motion is made solely by the defendant and is unsupported by any other affidavit or evidence and, under all of the circumstances of the case, there is no reasonable possibility that such allegation is true" (People v Hoffler, 74 AD3d 1632, 1634-1635 [2010] [internal quotation marks, brackets, ellipsis and citations omitted], lv denied 17 NY3d 859 [2011]; see People v Marte-Feliz, 192 AD3d at 1398; People v Stanley, 189 AD3d 1818, 1819 [2020]; People v Betances, 179 AD3d 1225, 1226 [2020], lv denied 35 NY3d 968 [2020]).
Defendant's CPL article 440 motion was grounded upon his claim of ineffective assistance of counsel. Specifically, defendant asserts that trial counsel failed to locate or call certain witnesses to testify upon defendant's behalf at trial, effectively cross-examine the People's witnesses and/or render appropriate objections to their testimony, challenge certain jurors during voir dire and/or move for a mistrial when County Court discharged a sworn juror, raise various objections to the Sandoval hearing conducted in this matter, procure certain motor vehicle title and registration documents from the appropriate authorities, pursue plea negotiations and properly advise defendant as to his sentencing exposure. However, defendant's own motion papers establish that plea offers were extended to — and apparently rejected by — defendant. Additionally, with the exception of the allegedly erroneous sentencing advice, all of the foregoing issues are based upon matters that either were part of — or [*3]through the exercise of due diligence could have been made to appear upon — the trial record (see CPL 440.10 [3] [a]). As such matters could have been — and in some instances were — raised upon defendant's direct appeal,[FN2] they are not properly the subject of a CPL article 440 motion (see People v Spradlin, 192 AD3d at 1273; People v Young, 115 AD3d 1013, 1015 [2014], lv denied 24 NY3d 1124 [2015]).
With respect to trial counsel's alleged misrepresentations regarding defendant's potential sentencing exposure following trial, the record contains only an unsworn letter purportedly authored by trial counsel — the validity of which the People dispute — suggesting that the maximum sentence that could be imposed would be a prison term of 3½ to 7 years. Defendant did not, however, "submit an affidavit from trial counsel or provide any explanation for its absence" (People v Betances, 179 AD3d at 1226), nor did defendant tender any other evidence to substantiate his claim that counsel misrepresented defendant's sentencing exposure (compare People v Hill, 114 AD3d 1169, 1169-1170 [2014]).[FN3] Under these circumstances, County Court did not abuse its discretion in denying defendant's motion to vacate without a hearing. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Lynch, J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the amended order is affirmed.



Footnotes

Footnote 1: County Court similarly noted that defendant failed to provide the court with the cited exhibits — despite a request to do so.

Footnote 2: Although defendant continues to fault counsel for neglecting to procure certain witnesses and engaging in an ex parte colloquy with County Court, this Court considered and rejected those claims on the prior appeal, noting that defendant's request for a continuance to locate the prospective witnesses was properly denied and that his objection to the colloquy at issue was lacking in merit (148 AD3d at 1295-1296).

Footnote 3: Defendant does not argue that, but for counsel's allegedly erroneous sentencing advice, he would have accepted a plea offer (compare People v Vargas, 173 AD3d 1466, 1468 [2019], lv denied 34 NY3d 955 [2019]), and, given defendant's continued assertion that his signature on certain title documents was forged, such claim would, in any event, be belied by the record.