People v Daniels (2021 NY Slip Op 06397)





People v Daniels


2021 NY Slip Op 06397


Decided on November 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 18, 2021

111973
[*1]The People of the State of New York, Respondent,
v
Akeem A. Daniels, Appellant.

Calendar Date:October 12, 2021

Before:Garry, P.J., Lynch, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the County Court of Broome County (Dooley, J.), rendered August 9, 2019, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant was convicted of two drug offenses and, in January 2018, was sentenced to serve a probation term of five years. In October 2018, a uniform court report was filed alleging that defendant had violated the terms of his probation in numerous respects, including by failing to report to his probation officer, failing to advise that officer of his contact with police, leaving the jurisdiction without permission and being charged with murder in the second degree as the result of a fatal drive-by shooting. After defendant was acquitted of murder and related criminal charges, a hearing was conducted on the probation violation allegations. County Court denied defendant's request that it recuse itself because it had presided over the criminal trial and, at the hearing's conclusion, determined that defendant had violated the terms of his probation. After considering those violations — and noting specifically that the People had proven by a preponderance of the evidence that one of those violations was committing the fatal shooting that formed the basis for the murder charge against defendant — County Court revoked his probation and imposed concurrent sentences that amounted to nine years in prison to be followed by two years of postrelease supervision. Defendant appeals.
We affirm. Defendant does not dispute that he violated the terms of his probation in several respects, but does argue that County Court improperly found him to have violated probation by committing the conduct underpinning the murder charge for which he was acquitted and factoring that violation into its sentence. Inasmuch as "[d]efendant's acquittal after a criminal trial did not foreclose the posthearing finding that he violated conditions of his probation, given the differing charges and standards of proof in each matter," and the hearing testimony credited by County Court supported its finding by a preponderance of the evidence that defendant had committed the fatal shooting, we do not agree (People v Ruff, 50 AD3d 1167, 1168 [2008]; see CPL 410.70 [3]; People v Thomas, 163 AD3d 1293, 1294-1295 [2018], lv denied 32 NY3d 1068 [2018]; People v Brown, 268 AD2d 592, 593 [2000], lv denied 94 NY2d 945 [2000]; see also United States v Watts, 519 US 148, 156 [1997]).
Defendant further argues that the trial judge should have recused himself because he presided over defendant's criminal trial and exhibited bias by thereafter crediting proof of defendant's identity as the shooter. As none of the circumstances requiring recusal under Judiciary Law § 14 were present, however, "the judge [was] the sole arbiter of the decision to recuse" (People v Oehler, 52 AD3d 955, 956 [2008], lv denied 11 NY3d 792 [2008]; see People v Moreno, 70 NY2d 403, 405 [1987]). The correct application of a lower burden of proof in [*2]this probation violation proceeding did not reflect prejudice against defendant and, in the absence of any other indication of bias, the trial judge did not abuse his discretion in refusing to recuse himself (see People v Regan, 192 AD3d 1393, 1394 [2021], lv denied 37 NY3d 959 [2021]; People v Garrow, 148 AD3d 1459, 1460-1461 [2017], lv denied 29 NY3d 1031 [2017]; People v Smith, 272 AD2d 679, 682 [2000], lv denied 95 NY2d 938 [2000]).
In light of defendant's demonstrated inability to abide by multiple terms of his probation, we further perceive no abuse of discretion or extraordinary circumstances that would warrant the reduction of the ensuing sentence in the interest of justice (see People v Thomas, 163 AD3d at 1295; People v Cook, 133 AD3d 1048, 1048 [2015]). Finally, the record is silent as to the calculation of defendant's jail time credit and, in any case, the proper vehicle for challenging an error in that calculation is a CPLR article 78 proceeding (see People v Chaney, 160 AD3d 1281, 1284 n 1 [2018], lv denied 31 NY3d 1146 [2018]; People v Golgoski, 43 AD3d 551, 553 [2007]).
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is affirmed.