People v Miller (2022 NY Slip Op 03948)

People v Miller

2022 NY Slip Op 03948

Decided on June 16, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 16, 2022

112738
[*1]The People of the State of New York, Respondent,
v
Santonieo Miller, Appellant.

Calendar Date:April 28, 2022

Before:Egan Jr., J.P., Clark, Reynolds Fitzgerald, Fisher and McShan, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
P. David Soares, District Attorney, Albany (Erin LaValley of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal, by permission, from an order of the County Court of Albany County (Ackerman, J.), entered March 4, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of burglary in the second degree, without a hearing.
In 2015, defendant and two other individuals each were indicted and charged with one count of burglary in the second degree. Defendant initially rejected a plea offer but, following an unsuccessful suppression motion and as jury selection was underway, defendant elected to plead guilty in January 2016 to the charged crime with the understanding that he would be sentenced to a prison term of five years followed by five years of postrelease supervision. When defendant initially appeared for sentencing in April 2016, he sought the assignment of new counsel and expressed a desire to withdraw his plea. County Court (Herrick, J.) granted defendant's request for new counsel but ultimately denied defendant's motion to withdraw his plea in May 2016. In the interim, defendant was charged with new offenses, which County Court, in turn, deemed to be a violation of the plea agreement. As a result, County Court sentenced defendant in May 2016 to a prison term of eight years followed by five years of postrelease supervision. Upon appeal, this Court affirmed (172 AD3d 1530 [2019], lv denied 34 NY3d 935 [2019]).
In February 2020, defendant filed a pro se motion to vacate the judgment of conviction pursuant to CPL 440.10 contending that he had been denied the effective assistance of counsel. Defendant's motion was supplemented with an affidavit from counsel (now appellate counsel), who asserted that the judgment of conviction was procured by misrepresentations on the part of the prosecutor. County Court (Ackerman, J.) denied defendant's motion without a hearing, and defendant appeals, by permission, from the court's resulting order.
To the extent that defendant's pro se motion to vacate was premised upon the ineffective assistance of counsel (see CPL 440.10 [1] [h]) — specifically, that plea counsel provided erroneous information regarding the willingness of a particular witness to testify — we need note only that this very issue was addressed and decided by this Court in the context of defendant's direct appeal from the judgment of conviction (172 AD3d at 1531-1532). Defendant argued then — as he does upon the instant appeal — that, shortly before he elected to plead guilty, defense counsel informed him that the sole witness to the crime was present in the courthouse and was ready to testify against him. Defendant averred that he subsequently learned that the witness was neither present in nor on her way to the courthouse on the day in question and that she had no intention of testifying. According to defendant, but for the erroneous information conveyed by defense counsel, he would not have pleaded guilty. As defendant's ineffective assistance of counsel claim was previously resolved [*2]by this Court upon defendant's direct appeal (id.), such claim was not properly the subject of a motion to vacate pursuant to CPL 440.10 (see CPL 440.10 [2] [a]; People v Durham, 195 AD3d 1318, 1321 and n 2 [2021], lv denied 37 NY3d 1160 [2022]; People v Carter, 105 AD3d 1149, 1149-1150 [2013]).
The balance of defendant's motion to vacate, as amplified by counsel's submissions, is predicated upon alleged prosecutorial misconduct (see CPL 440.10 [1] [b]) — namely, that the prosecutor affirmatively misrepresented that the witness either was present in the courthouse on the day in question or was "en route" and ready to testify. Defendant's motion in this regard was supplemented with affidavits from the witness and plea counsel — both of which were not obtained until 2020. Any issues regarding the witness's willingness to testify and/or the representations made by the prosecutor as to her whereabouts on the day of the scheduled trial were discussed during the April 2016 court appearance. Despite being assigned new counsel to pursue these issues, despite believing that the prosecutor had made certain misrepresentations as to the witness's whereabouts and despite being aware of the witness's apparent willingness to provide an affidavit indicating that she had no intention of testifying, defendant failed to procure such affidavits prior to sentencing in May 2016.
Pursuant to CPL 440.10 (3) (a), a court may deny a motion to vacate when the facts in support of such motion "could with due diligence by the defendant have readily been made to appear on the record" and the defendant, in turn, "unjustifiably failed to adduce such [proof] prior to sentenc[ing]" (see People v Stanley, 189 AD3d 1818, 1819 [2020]; see also People v Durham, 195 AD3d at 1321). Under the circumstances presented here, we cannot say that County Court abused its discretion in denying this branch of defendant's motion to vacate without a hearing (see People v Stanley, 189 AD3d at 1819; People v Spradlin, 188 AD3d 1454, 1460 [2020], lv denied 37 NY3d 960 [2021]; People v Berezansky, 229 AD2d 768, 771 [1996], lv denied 89 NY2d 919 [1996]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed.