Matter of Rain

2026 NY Slip Op 02719

April 30, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Mary Elizabeth Rain, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Mary Elizabeth Rain, Respondent. (Attorney Registration No. 2720183) (Proceeding No. 1.)

In the Matter of Mary Elizabeth Rain, a Suspended Attorney. Attorney Grievance Committee for the Third Judicial Department, Petitioner; Mary Elizabeth Rain, Respondent. (Attorney Registration No. 2720183) (Proceeding No. 2.)

Decided and Entered:April 30, 2026

PM-89-26

Calendar Date: March 23, 2026

Before: Garry, P.J., Aarons, Ceresia, Mcshan And Mackey, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Lauren S. Cousineau of counsel), for petitioner.

Hacker Murphy LLP, Troy (James C. Knox of counsel), for respondent.

[*1]

Per Curiam.

Respondent was admitted to practice by the Fourth Department in 1996 and previously served as District Attorney of St. Lawrence County from 2013 to 2017. Following a hearing before a Court-appointed referee, we concluded that respondent, in her capacity as District Attorney, had violated 12 separate Rules of Professional Conduct (see 162 AD3d 1458 [3d Dept 2018]). Specifically, based on prosecutorial misconduct found by this Court in People v Wright (133 AD3d 1097 [3d Dept 2015]), we concluded that respondent had engaged in conduct prejudicial to the administration of justice and adversely reflecting on her fitness as a lawyer. Similarly, we found that respondent had violated various Rules of Professional Conduct through her improper use of grandy jury subpoenas, her unlawful use of student interns in her office and her failure to disclose Brady material during a homicide trial. Accordingly, we suspended respondent for two years by June 2018 order. Respondent now moves for her reinstatement, and petitioner opposes her motion.

In addition to various procedural requirements, an attorney seeking reinstatement from a suspension must satisfy, by clear and convincing evidence, a three-part substantive test in order to establish his or her entitlement to relief (see Matter of Del Boccio, 241 AD3d 1615, 1616 [3d Dept 2025]; Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]). First, the attorney must demonstrate that he or she has complied with the order of suspension and all of the applicable Court rules (see Matter of Shmulsky, 219 AD3d 1045, 1045 [3d Dept 2023]). Second, the attorney must demonstrate that he or she possesses the requisite character and fitness to practice law (see Matter of Njogu, 175 AD3d 800, 800 [3d Dept 2019]). Third, the attorney must demonstrate that it would be in the public interest to reinstate him or her to the practice of law, providing "assurances that no detriment would inure to the public by reason of the attorney's return to practice, and that his or her reinstatement would be of some tangible benefit to the public" (Matter of Sullivan, 153 AD3d 1484, 1484 [3d Dept 2017]).

Based on the record before us, we conclude that respondent has failed to demonstrate, by clear and convincing evidence, that she possesses the requisite character and fitness to practice law, and that her reinstatement would benefit the public interest. While respondent has provided information concerning advocacy work that she has engaged in since her suspension, we conclude that she has not demonstrated that, in the intervening years since her suspension, she has meaningfully addressed the factors that led to her suspension in this state (see Matter of Becker, 202 AD3d 1430, 1431 [3d Dept 2022]). Similarly, respondent's application materials failed to include any tangible details concerning her intentions were she to be reinstated (see Matter of Cammarano, 169 AD3d 1251, 1252 [3d Dept 2019]), and likewise do not provide assurances that her [*2]reinstatement would cause no detriment to the institutions and individuals whom the legal profession is intended to serve (see Matter of Paragano, 213 AD3d 1023, 1026 [3d Dept 2023]). Accordingly, we deny her motion (see e.g. Matter of Del Boccio, 241 AD3d at 1616; Matter of Daigle, 223 AD3d 1083, 1084 [3d Dept 2024]; Matter of Cammarano, 169 AD3d at 1252).

Garry, P.J., Aarons, Ceresia, McShan and Mackey, JJ., concur.

ORDERED that respondent's motion for reinstatement is denied.