People v Thornton
2026 NY Slip Op 03699
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, Respondent,
v
Richard W. Thornton, Appellant.

Decided and Entered:June 11, 2026
CR-23-0773
Calendar Date: April 23, 2026
Before: Clark, J.P., Aarons, Pritzker, Mcshan And Ryba, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.

[*1]
Aarons, J.
Appeal, by permission, from an order of the County Court of St. Lawrence County (Gregory Storie, J.), entered March 29, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crimes of predatory sexual assault against a child, course of sexual conduct against a child in the second degree and endangering the welfare of a child (two counts), without a hearing.
In May 2012, following a jury trial, defendant was convicted of various sex crimes against two child victims and sentenced to 14 years to life in prison. On direct appeal, defendant challenged the legal sufficiency and weight of the evidence, asserted a Brady violation and sought a reduced sentence; this Court rejected all of his contentions and affirmed the judgment of conviction (141 AD3d 936 [3d Dept 2016], lv denied 28 NY3d 1151 [2017]). In March 2019, defendant moved pursuant to CPL 440.10 (f) and (h) to vacate the judgment of conviction based upon alleged misrepresentations and ineffective assistance by his trial counsel, Mary Rain.FN1 According to defendant, Rain coerced him into retaining William Baerthlein, an expert on pediatric sexual abuse and a hospital department head, without disclosing Baerthlein's pending professional misconduct charges, alcohol use and criminal history, or the fact that she and Baerthlein had been romantically involved for 14 months between 2008 and 2009. Defendant asserted that he first learned these facts during Baerthlein's "blistering" cross-examination, which severely undermined his credibility (141 AD3d at 938). Defendant confronted Rain outside the courtroom — an exchange partially corroborated by his parents' affidavits — during which Rain did not deny the relationship or knowledge of the impeachment evidence, but told defendant it was "not that big of a deal." Defendant further supported his motion with a 2009 police report indicating that Rain and Baerthlein were then cohabiting, and that Rain believed Baerthlein was experiencing mental health problems.
County Court (Richards, J.) denied the motion without a hearing; however, this Court reversed that 2019 order because the motion judge's law clerk "was the former District Attorney responsible for defendant's indictment, prosecution and conviction," and it was thus inappropriate for that judge to rule on defendant's motion (213 AD3d 987, 988 [3d Dept 2023]). Upon remittal, County Court (Storie, J.) again denied defendant's motion without a hearing, concluding that defendant's motion was procedurally barred pursuant to CPL 440.10 (3) (a) and, in any event, meritless. With this Court's permission, defendant appeals. We reverse.FN2
Pursuant to CPL 440.10 (3) (a), a "court maydeny a motion to vacate a judgment when . . . [a]lthough facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record . . . , the defendant unjustifiably failed to adduce such matter prior to [*2]sentence and the ground or issue in question was not subsequently determined upon appeal" (CPL 440.10 [3] [a]; see CPL 440.30 [2]; People v Miller, 206 AD3d 1296, 1298 [3d Dept 2022], lv denied 39 NY3d 1156 [2023]). Neither County Court's 2023 order nor the People on appeal describe the mechanism by which defendant could have "readily . . . made" Rain's alleged deception appear on the record (CPL 440.10 [3] [a]; see People v Harris, 109 AD2d 351, 357 [2d Dept 1985], lv denied 66 NY2d 919 [1985]; compare CPL 330.30). We therefore cannot say that defendant "unjustifiably" declined to create a factual record prior to sentencing that would have made his ineffective assistance of counsel claim reviewable upon direct appeal (CPL 440.10 [3] [a]; cf. People v Grubstein, 24 NY3d 500, 503 [2014]).
County Court's denial of defendant's motion under CPL 440.30 (4) (d) was likewise an abuse of discretion. Such a denial is appropriate when "[a]n allegation of fact essential to support the motion . . . is made solely by the defendant and is unsupported by any other affidavit or evidence" and "under these and all the other circumstances attending the case, there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]). Suffice to say, defendant's factual allegations about Rain's knowledge of and failure to disclose information about Baerthlein are adequately supported by his parents' affidavits and the 2009 police report (see People v Phelps, 236 AD3d 1194, 1197 [3d Dept 2025]), and, considering that proof alongside the trial record, there is a reasonable possibility that those allegations are true.
Thus, the question becomes whether a hearing is required because "the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Nelson, 243 AD3d 958, 961 [3d Dept 2025] [internal quotation marks and citation omitted]; see People v Carota, 235 AD3d 1069, 1071 [3d Dept 2025], lv denied 43 NY3d 962 [2025]; see generally CPL 440.30 [4] [a]; [5]). Where, as here, an ineffective assistance of counsel claim is based on a single error, that error must be so "egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Hayward, 42 NY3d 753, 755 [2024]), and it must be evident that the conduct "could not have been grounded in a legitimate trial strategy" (People v McGee, 20 NY3d 513, 518 [2013]; accord People v Watkins, 42 NY3d 635, 640 [2024], cert denied ___ US ___, 145 S Ct 459 [2024]). In this connection, it is well settled that "[t]he right to effective counsel ensures not only meaningful representation but also the assistance of counsel that is conflict-free and singlemindedly devoted to the client's best interests" (People v Rubadue, 222 AD3d 1266, 1268 [3d Dept 2023] [internal quotation marks and citations omitted]).
The People contend that Rain's decision to recommend Baerthlein and call him to testify, while ultimately a poor [*3]trial strategy, was not patently unreasonable (see People v Satterfield, 66 NY2d 796 [1985]; People v Jackson, 244 AD3d 1242, 1242 [2d Dept 2025]), and that, generally, counsel's failure to fully investigate a witness does not constitute ineffective assistance (see People v Avery, 80 AD3d 982, 987 [3d Dept 2011], lv denied 17 NY3d 791 [2011]; but see People v Jenkins, 84 AD3d 1403, 1409 [2d Dept 2011], lv denied 19 NY3d 1026 [2012]). These arguments miss the mark, as defendant's claim is that Rain was ineffective because she deliberately withheld impeachment evidence about Baerthlein when she persuaded defendant to hire him as an expert and the sole defense witness; that same impeachment evidence was ultimately used to vitiate Rain's chosen defense; and that defendant would not have retained Baerthlein if Rain had disclosed the evidence in the first place. Given the central importance of Baerthlein's credibility — particularly "in a case such as this, where casting doubt on the prosecution's medical proof is the crux of the defense" (People v Caldavado, 26 NY3d 1034, 1036 [2015]) — Rain's alleged failures, if true, were not the product of a legitimate but ill-advised trial strategy (see People v McGee, 20 NY3d at 518).
Because the issues raised by defendant cannot be resolved on the record and the motion papers alone, County Court must hold a hearing where defendant will need to prove, by a preponderance of the evidence, that Rain knew about the impeachment material and that she failed to share that knowledge with defendant (see CPL 440.30 [5], [6]; People v Salas, 44 NY3d 374, 384 [2025]; People v Caldavado, 26 NY3d at 1036-1037; People v Kellam, 237 AD3d 1520, 1521 [4th Dept 2025]). Defendant's remaining arguments are academic.
Clark, J.P., Pritzker, McShan and Ryba, JJ., concur.
ORDERED that the order is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1
Rain was suspended from the practice of law in 2018 for unrelated misconduct (see Matter of Rain, 162 AD3d 1458, 1462 [3d Dept 2018]), and we recently denied her application for reinstatement (see Matter of Rain, ___ AD3d ___, 2026 NY Slip Op 02719 [3d Dept 2026]).

Footnote 2
Defendant argues that Rain had an actual or potential conflict of interest because she may have represented Baerthlein on his criminal charges. That challenge is raised for the first time on appeal and is thus unpreserved for our review (see People v Phelps, 236 AD3d 1194, 1195 n [3d Dept 2025]).