*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   October 8, 2015                    106192
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

KAREN R. SAYLOR,
                        Appellant.
_____

Calendar Date:   September 9, 2015

Before:   Peters, P.J., Lahtinen, Garry and Rose, JJ.

_____

        Keeley A. Maloney, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Teresi, J.), rendered February 5, 2013 in Albany County, convicting defendant upon her plea of guilty of the crime of attempted burglary in the second degree.

        Pursuant to a negotiated agreement that satisfied charges stemming from six residential burglaries, defendant waived indictment and entered a plea of guilty to attempted burglary in the second degree as charged in a superior court information. Defendant also waived her right to appeal and signed a written appeal waiver in open court and was sentenced, in accordance with the agreement, to a term of five years in prison to be followed by three years of postrelease supervision.  Defendant now appeals.

Defendant argues that her counsel was ineffective in that, among other deficiencies, he failed to investigate the facts or develop the record to establish defendant's level of intoxication from drugs or alcohol at the time that she committed these burglaries. Defendant did not preserve these claims by making a postallocution motion (see People v Lord, 128 AD3d 1277, 1278 [2015]), and they are precluded by her unchallenged appeal waiver "except insofar as [they] could be construed to have impacted upon the voluntariness of [her] plea" (People v Glynn, 73 AD3d 1290, 1291 [2010]). Moreover, the claimed deficiencies concern matters outside the record that are properly the subject of a CPL article 440 motion (see People v Goldston, 126 AD3d 1175, 1178 [2015]). In any event, a review of counsel's performance reflects that counsel negotiated a favorable plea agreement that avoided consecutive sentences for six separate burglaries, and "nothing in the record casts doubt on the apparent effectiveness of counsel" (People v Wares, 124 AD3d 1079, 1080 [2015], lv denied 25 NY3d 993 [2015]; see People v Eveland, 42 AD3d 755, 756 [2007], lv denied 9 NY3d 961 [2007]). Further, defendant has not demonstrated "the absence of strategic or other legitimate explanations" for counsel's decision to forgo an omnibus motion seeking suppression of her confession to police in favor of the advantageous plea agreement (People v Benevento, 91 NY2d 708, 712 [1998] [internal quotation marks and citation omitted]).[1]

Lahtinen, Garry and Rose, JJ., concur.

---

[1]  While counsel was obligated to file a notice of appeal upon defendant's timely request, we granted defendant's pro se motion pursuant to CPL 460.30 for an extension of time to take this appeal and accepted her untimely notice of appeal. Consequently, counsel's omission did not cause defendant to lose the right to appeal (see People v Syville, 15 NY3d 391, 397 [2010]). Further, the proper recourse where counsel fails to file a notice of appeal is an application for a writ of error coram nobis (see id. at 400-401; People v Peccaro, 83 AD3d 1284, 1287 [2011], lv denied 17 NY3d 820 [2011]).

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court