People v Betances (2020 NY Slip Op 00185)





People v Betances


2020 NY Slip Op 00185


Decided on January 9, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 9, 2020

110825

[*1]The People of the State of New York, Respondent,
v
Joshua Betances, Appellant.

Calendar Date: December 17, 2019

Before: Lynch, J.P., Clark, Mulvey, Devine and Reynolds Fitzgerald, JJ.


Thomas H. Kheel, Ithaca, for appellant.
Matthew Van Houten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



Clark, J.
Appeal, by permission, from an order of the County Court of Tompkins County (Rowley, J.), entered December 27, 2018, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment revoking defendant's probation and imposing a sentence of imprisonment, without a hearing.
In 2013, defendant pleaded guilty to attempted rape in the second degree, was reportedly sentenced to six months in jail and 10 years of probation and was classified as a risk level three sex offender (see Correction Law art 6-C).[FN1] In July 2014, defendant was charged with violating the conditions of his probation in several respects, including by being in the presence of a girl who was under the age of 17.[FN2] Defendant thereafter made an admission to violating a condition of his probation. Consequently, defendant's probation was revoked and he was resentenced to a prison term of two years, to be followed by 10 years of postrelease supervision (hereinafter PRS), with credit for time served. Defendant did not appeal from the judgment revoking his probation and resentencing him.[FN3] Nearly four years later, in 2018, he moved pursuant to CPL 440.10 to vacate that judgment, contending that he had been denied the effective assistance of counsel in connection with his admission to violating probation (see CPL 440.10 [1] [h]). County Court denied the motion in a written order, without a hearing.
Defendant's argument that he was deprived of the effective assistance of counsel is premised on the claim that he was incorrectly advised by his trial counsel that the sentence of two years in prison with 10 years of PRS, the sentence ultimately imposed by County Court, was the minimum permissible sentence for attempted rape in the second degree. Defendant contends that because this was not the minimum sentence,[FN4] this misadvice regarding the potential sentence rendered his admission to violating probation involuntary. Initially, defendant's allegations were properly raised in this CPL 440.10 motion because they rely on matters outside the record concerning what counsel advised him (see People v Reynoso, 88 AD3d 1162, 1162-1163 [2011]; compare CPL 440.10 [2] [c]). However, we find that defendant's motion to vacate was properly denied.
A court may deny a CPL 440.10 motion without a hearing if "[a]n allegation of fact essential to support the motion . . . is contradicted by a court record . . ., or is made solely by the defendant and is unsupported by any other affidavit or evidence, and . . . there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]). The transcript of the allocution reflects that County Court clearly informed defendant that, if he admitted violating probation, it would "cap" the sentence at two years, to be followed by 10 years of PRS. The court then advised defendant that this was the "maximum" sentence he would face upon his admission, and that the ultimate sentence would be based upon the updated presentence report and the arguments of counsel. At sentencing, the court imposed that sentence and, thus, the sentence did not exceed the promised cap.[FN5]
The motion to vacate was properly denied without a hearing as the allegation central to the motion regarding trial counsel's misadvice was made "solely by the defendant and is unsupported by any other affidavit or evidence" and, in view of the court record, "there is no reasonable possibility that such allegation is true" (CPL 440.30 [4] [d]). Defendant did not submit an affidavit from trial counsel or provide any explanation for its absence (see generally People v Wright, 27 NY3d 516, 522 [2016]). Moreover, given that defendant was advised, on the record prior to his admission, that the potential sentence was the maximum one that he could receive, his allegation that trial counsel had misadvised him prior to his admission that this was the minimum sentence is inconsistent with the court record (see CPL 440.30 [4] [d]).[FN6] Under these circumstances, County Court's denial of the motion without a hearing was not an abuse of discretion (see People v Wright, 27 NY3d at 520; People v Howe, 150 AD3d 1321, 1322 [2017]).
Lynch, J.P., Mulvey, Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: The updated presentence report prepared in August 2014 in connection with the violation of probation reflects that defendant was only sentenced to 10 years of probation on his initial guilty plea, but the affidavits submitted on defendant's motion to vacate allege that the initial sentence was six months in jail and 10 years of probation.

Footnote 2: Neither the conditions of probation nor the violation of probation petition is in the record on appeal.

Footnote 3: With regard to defendant's contention that he could not directly appeal from the judgment resentencing him because defense counsel failed to file a notice of appeal, the proper recourse is an application for a writ of error coram nobis (see People v Syville, 15 NY3d 391, 400-401 [2010]; People v Saylor, 132 AD3d 1018, 1019 n [2015]).

Footnote 4: The permissible sentencing options for attempted rape in the second degree, a class E felony sex offense (see Penal Law §§ 70.80 [1] [a]; 110.00, 130.30), included, among others, a determinate prison sentence of between 1½ and 4 years (see Penal Law § 70.80 [4] [a] [iv]) and a definite one-year sentence (see Penal Law § 70.80 [4] [c]).

Footnote 5: Trial counsel's apparent error at resentencing, echoed by County Court, that the sentence was "agreed-upon" as part of defendant's admission, is a matter reflected on the record that could have been raised on direct appeal and, thus, is not appropriately addressed in this motion to vacate (see CPL 440.10 [2] [c]).

Footnote 6: The record does not reflect that defendant raised this issue either when advised by County Court that this was the maximum potential sentence or at sentencing (see CPL 440.10 [3] [a]).