People v Stanley (2020 NY Slip Op 07627)





People v Stanley


2020 NY Slip Op 07627


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

109697 111868

[*1]The People of the State of New York, Respondent,
v
Edward Stanley, Appellant.

Calendar Date: November 16, 2020

Before: Garry, P.J., Lynch, Clark, Mulvey and Reynolds Fitzgerald, JJ.


Todd G. Monahan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



Lynch, J.
Appeals (1) from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered June 28, 2017, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered September 11, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In satisfaction of the charges then pending against him, defendant waived indictment and agreed to plead guilty to a superior court information charging him with one count of burglary in the second degree with the understanding that he would be sentenced — as a second felony offender — to a prison term of 5½ years followed by five years of postrelease supervision. The plea agreement also required defendant to waive his right to appeal. Following defendant's guilty plea, County Court imposed the agreed-upon sentence.
Nearly two years later, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction, contending that he had not been afforded the effective assistance of counsel. The People opposed defendant's application, and County Court denied the requested relief without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.
We affirm. To the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives his unchallenged appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion (see CPL 220.60 [3]; People v Vilbrin, 183 AD3d 1012, 1013 [2020], lv denied 35 NY3d 1049 [2020]; People v Koontz, 166 AD3d 1215, 1217-1218 [2018], lv denied 32 NY3d 1206 [2019]). Further, "defendant did not make any statements during the plea colloquy that would trigger the narrow exception to the preservation rule" (People v Tamah, 133 AD3d 923, 924 [2015]; see People v Weidenheimer, 181 AD3d 1096, 1097 [2020]). Were we to address this issue, we would find it to be lacking in merit, as nothing on the face of the plea colloquy calls into question counsel's effectiveness (see People v Heier, 73 AD3d 1392, 1393 [2010], lv denied 15 NY3d 805 [2010]) or otherwise supports defendant's belated claim of coercion (cf. People v Wyant, 47 AD3d 1068, 1069 [2008], lv denied 10 NY3d 873 [2008]).
Turning to defendant's CPL 440.10 motion, "[o]n a motion to vacate a judgment of conviction, a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Vargas, 173 AD3d 1466, 1468 [2019] [internal quotation marks and citations omitted], lv denied 34 NY3d 955 [2019]; see CPL 440.30 [5]). In this regard, a court may deny such a motion where, as here, "the necessary facts, which do not appear on the record on direct appeal, could 'have readily been made to appear on the record'" through [*2]the exercise of due diligence by the defendant (People v Howe, 150 AD3d 1321, 1323 [2017], quoting CPL 440.10 [3] [a]). Similarly, "[a] court may deny a vacatur motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence" (People v Vargas, 173 AD3d 1468) and "there is no reasonable possibility that such allegation[s are] true" (CPL 440.30 [4] [d] [ii]; see People v Betances, 179 AD3d 1225, 1226 [2020], lv denied 35 NY3d 968 [2020]; People v Dickson-Eason, 143 AD3d 1013, 1015 [2016], lv denied, 28 NY3d 1123 [2016]).
In support of his motion, defendant averred that, as he was entering his guilty plea, he asked counsel a question about the evidence in the case, at which point counsel allegedly informed defendant that there was no chain of custody documentation for DNA evidence linking him to the underlying burglary. Even setting aside the fact that the attorney to whom defendant now attributes such statement was not actually present in the courtroom with defendant at the time that defendant entered his plea, defendant's own affidavit demonstrates that he was well aware of this issue prior to sentencing, and the record makes clear that defendant made no effort to raise this issue before sentencing or at any point prior to bringing the instant motion (see People v Chaney, 160 AD3d 1281, 1285 [2018], lv denied 31 NY3d 1146 [2018]) — despite the fact that defense counsel acknowledged at sentencing that the charges against defendant "resulted from a CODIS hit." Additionally, defendant did not submit an affidavit from the attorney who represented him at the plea proceeding attesting to their alleged conversation regarding the strength of the People's case (see People v Betances, 179 AD3d at 1226), nor did defendant offer any additional facts in support of his motion — stating only that he was "prepared to provide further details" should a hearing on his motion be granted and expressing his arguably contradictory belief that there was "an innocent explanation" for the presence of his DNA at the scene of the crime. As for defendant's contention that he was coerced into pleading guilty by threats to arrest his fiancÉe if he refused to do so, defendant acknowledged during the plea colloquy that no one threatened or coerced him into pleading guilty. Under these circumstances, we do not find that County Court abused its discretion in denying defendant's motion to vacate the judgment of conviction without a hearing. Defendant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Mulvey and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment and order are affirmed.