People v Johnson (2021 NY Slip Op 03223)





People v Johnson


2021 NY Slip Op 03223


Decided on May 20, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 20, 2021

111148 111892
[*1]The People of the State of New York, Respondent,
v
Robert Johnson, Appellant.

Calendar Date:April 22, 2021

Before:Garry, P.J., Egan Jr., Lynch and Colangelo, JJ.

Todd G. Monahan, Schenectady, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Lynch, J.
Appeals (1) from a judgment of the County Court of Ulster County (Williams, J.), rendered February 7, 2019, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree, and (2) by permission, from an order of said court, entered October 15, 2019, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was indicted and charged with one count of assault in the second degree. The charge stemmed from an incident wherein defendant threw a mixture of bleach and water into the face of a coworker. Pursuant to a negotiated plea agreement, defendant pleaded guilty to an amended indictment charging him with attempted assault in the second degree with the understanding that he would be sentenced — as a second felony offender — to a prison term of 2 to 4 years. The plea agreement also required defendant to waive his right to appeal. At sentencing, defendant asked for leniency, and his comments, as well as the statements that he made to the Probation Department, prompted County Court to briefly adjourn the matter in order to ascertain whether defendant was raising any defenses to the crime. In response to County Court's subsequent inquiry, defendant repeatedly assured the court that he had discussed any potential defenses with counsel and had made a knowing decision not to pursue such defenses. County Court then sentenced defendant to the agreed-upon term of imprisonment.
Defendant thereafter filed a pro se motion to vacate the judgment of conviction pursuant to CPL 440.10 asserting, insofar as is relevant here, that he was denied the effective assistance of counsel. The People opposed the requested relief, and County Court denied defendant's motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Defendant, as so limited by his brief, argues — both upon his direct appeal from the judgment of conviction and with respect to his appeal from the denial of his CPL 440.10 motion — that he was denied the effective assistance of counsel, which, in turn, rendered his plea involuntary. Specifically, defendant cites counsel's failure to challenge the sufficiency of the evidence before the grand jury, make a timely motion to dismiss the indictment and/or explore a potential justification defense, and further asserts that counsel pressured him to plead guilty.
As County Court aptly observed, defense counsel's failure to challenge the sufficiency of the evidence before the grand jury and to make a timely motion to dismiss the indictment are not the proper subjects of a CPL 440.10 motion, as such claims are based on facts that either were sufficiently apparent from the face of the record or — through the exercise of defendant's due diligence — could have been readily made to appear upon the record in a manner that would have permitted adequate appellate review upon defendant's [*2]direct appeal (see CPL 440.10 [2] [b]; [3] [a]; People v Spradlin, 188 AD3d 1454, 1460 [2020]). In this regard, "[t]o the extent that defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives his unchallenged appeal waiver but is unpreserved for our review in the absence of an appropriate postallocution motion" (People v Stanley, 189 AD3d 1818, 1818 [2020]; see CPL 220.60 [3]; People v Cole, 166 AD3d 1219, 1219 [2018], lv denied 33 NY3d 946 [2019]). The narrow exception to the preservation requirement is inapplicable, "as defendant did not make any statements during the plea colloquy that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea" (People v Crossley, 191 AD3d 1046, 1047 [2021]; People v Stanley, 189 AD3d at 1818).
As for the balance of defendant's ineffective assistance of counsel claim, "a court may deny a [CPL 440.10] motion without a hearing if it is based on the defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence and there is no reasonable possibility that such allegations are true" (People v Stanley, 189 AD3d at 1819 [internal quotation marks, brackets and citation omitted]; see CPL 440.30 [4] [d]). With respect to counsel's asserted failure to explore the justification defense, such defense was raised before and considered by the grand jury. When defendant's statements to the Probation Department suggested that he was claiming a defense to the underlying crime, County Court — prior to sentencing — afforded defendant an opportunity to confer with counsel and thereafter questioned defendant at length regarding his assertion of the justification defense. In response, defendant assured the court that he had thoroughly discussed this and other defenses with counsel, agreed that the justification defense would not be viable should the matter proceed to trial and made clear that he had no desire to withdraw his plea. Defendant's related assertion, that counsel pressured him to plead guilty, is similarly belied by the record, which reflects that defendant repeatedly stated — both during the course of the plea colloquy and prior to sentencing — that he was fully satisfied with counsel's services and that no one was forcing him to plead guilty (see CPL 440.30 [4] [d]; People v Blanford, 179 AD3d 1388, 1394 [2020], lv denied 35 NY3d 968 [2020]). As defendant's motion was otherwise supported only by his own conclusory affidavit, County Court did not abuse its discretion in denying defendant's motion without a hearing (see People v Stanley, 189 AD3d at 1819; People v Spradlin, 188 AD3d at 1460-1461; People v Blanford, 179 AD3d at 1394). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Egan Jr. and Colangelo, JJ., concur.
ORDERED that the judgment and order are affirmed.