People v Ballard (2021 NY Slip Op 07579)





People v Ballard


2021 NY Slip Op 07579


Decided on December 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 30, 2021

109787 112145
[*1]The People of the State of New York, Respondent,
v
Robert Ballard, Also Known as Go, Appellant.

Calendar Date:November 15, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Angela M. Kelley, Albany, for appellant.
Meagan K. Galligan, District Attorney, Monticello (Rachel I. Kesten of counsel), for respondent.



Egan Jr., J.P.
Appeals (1) from a judgment of the Supreme Court (Schick, J.), rendered June 26, 2017 in Sullivan County, convicting defendant upon his pleas of guilty of the crimes of conspiracy in the second degree, criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the second degree, and (2) by permission, from an order of said court, entered March 2, 2020 in Sullivan County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant and several codefendants, including his wife, were charged in an indictment with offenses related to their involvement in a narcotics distribution ring and, in his case, weapon possession. In satisfaction of the charges against defendant and with assurances that the People would recommend both that he serve no more than 19 years in prison and that his wife serve only a term of probation supervision in connection with a plea resolving the charges against her, defendant pleaded guilty to conspiracy in the second degree, criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the second degree. He further purportedly waived his right to appeal as part of the agreement. During the plea colloquy, Supreme Court advised defendant that it would likely sentence him to a total of 14 years in prison and that, if it could not do so, it would allow him to withdraw his guilty plea.
After the parties realized that defendant was a second felony drug offender previously convicted of a violent felony who could not be sentenced to less than 15 years in prison on the drug possession count, they agreed to modify the plea arrangement so that, as to said count, defendant would plead guilty to a reduced charge of criminal possession of a controlled substance in the second degree and forfeit certain monies and property (see Penal Law § 70.71 [4]). He entered a plea to that charge following a colloquy. Supreme Court then sentenced defendant to concurrent terms of 14 years in prison to be followed by five years of postrelease supervision on the drug possession conviction, 7½ to 15 years in prison on the conspiracy conviction and 10 years in prison to be followed by five years of postrelease supervision on the weapon possession conviction. Defendant appeals from the judgment of conviction and, by permission, from the subsequent denial of his CPL article 440 motion to vacate the judgment.
We affirm. The People initially concede, and we agree, that defendant's appeal waiver was invalid (see People v Jones, 199 AD3d 1069, ___, 2021 NY Slip Op 06008, *1 [2021]; People v Barrales, 179 AD3d 1313, 1314-1315 [2020]). Nevertheless, "[i]n the absence of a motion to withdraw his plea, defendant's challenge to the voluntariness of his plea was not preserved in his direct appeal" (People v Allevato, 170 AD3d 1264, 1265 [2019], lv denied 34 NY3d 949 [2019]; see People v Dickerson, 198 AD3d 1190[*2], 1192-1193 [2021]). The narrow exception to the preservation requirement does not apply, as he did not make any statements during either plea colloquy that were inconsistent with his guilt or called the voluntariness of his pleas into question (see People v Johnson, 194 AD3d 1267, 1269 [2021]; People v Stanley, 189 AD3d 1818, 1818 [2020]). To the extent that defendant advances an ineffective assistance of counsel claim upon his direct appeal, and that argument survives his guilty pleas, it is similarly unpreserved (see People v Stanley, 189 AD3d at 1818; People v Allevato, 170 AD3d at 1265). Finally, defendant's claim of a Brady violation is belied by the record.
Turning to the appeal from the order denying defendant's CPL article 440 motion, he argued that counsel rendered ineffective assistance by giving him bad advice to forgo his pending motion to suppress evidence recovered from his vehicle during a traffic stop and plead guilty.[FN1] First, although not denominated to defendant's liking, the record confirms that counsel did appropriately move to suppress the evidence recovered from that stop. There was nothing ineffective in counsel's downplaying the importance of defendant's claim that the stop was pretextual, as a valid basis existed for the stop (see People v Robinson, 97 NY2d 341, 346 [2001]; People v Blandford, 190 AD3d 1033, 1035 [2021], affd 37 NY3d 1062 [2021]). Suppression would not have been warranted, in other words, and counsel was not obliged to raise an issue that stood no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]; People v Ruffin, 191 AD3d 1174, 1182 [2021], lv denied 37 NY3d 960 [2021]). Defendant's remaining complaints amount to the assertion that, had counsel not urged him to plead guilty and "giv[e] up his right to pretrial hearings to determine the admissibility of any evidence against [him]," Supreme Court might have credited the accounts offered by him and his wife as to how the traffic stop unfolded and suppressed the evidence recovered from his vehicle. As those "allegations fail to establish any basis upon which to find . . . that counsel lacked a strategic reason for" urging defendant to forgo the hearing and plead guilty — "namely, the advantageous plea offer" that resolved the charges against him and limited both his and his wife's sentencing exposure — they give no reason to believe that counsel was ineffective (People v Chaney, 160 AD3d 1281, 1285 [2018], lv denied 31 NY3d 1146 [2018]; see People v Lewis, 138 AD3d 1346, 1349 [2016], lv denied 28 NY3d 1073 [2016]). Thus, as the foregoing allegations, even if credited, do not demonstrate that defendant was deprived of meaningful representation, Supreme Court properly denied his motion without a hearing (see People v Blanford, 179 AD3d 1388, 1394 [2020], lv denied 35 NY3d 968 [2020]; People v Jones, 161 AD3d 1311, 1313-1314 [2018], lv denied 31 NY3d 1118 [2018]).
Lynch, Clark, Aarons and Pritzker, JJ., concur.
ORDERED that the judgment [*3]and order are affirmed.



Footnotes

Footnote 1: Defendant now suggests that counsel also failed to provide meaningful representation in connection with sentencing issues, a claim that would have been appropriately raised upon his CPL article 440 motion as part of an ineffective assistance argument "rely[ing] upon matters appearing both in the record on direct appeal and outside of the record" (People v Thacker, 173 AD3d 1360, 1361 n 2 [2019], lv denied 34 NY3d 938 [2019]; see People v Burks, 187 AD3d 1405, 1407-1408 [2020], lv denied 36 NY3d 1095 [2021]). It was not raised in his motion, however, and is therefore unpreserved for our review (see People v Dorsey, 170 AD3d 1325, 1326 [2019], lv denied 33 NY3d 1068 [2019]).