People v Stuber (2022 NY Slip Op 03149)

People v Stuber

2022 NY Slip Op 03149

Decided on May 12, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 12, 2022

111829 112555
[*1]The People of the State of New York, Respondent,
v
Shawn Stuber, Appellant.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Barrett D. Mack, Albany, for appellant.
Susan J. Mallery, District Attorney, Howes Cave (Kevin P. Mallery of counsel), for respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered July 10, 2019, convicting defendant upon his plea of guilty of the crime of assault in the second degree, and (2) by permission, from an order of said court, entered June 1, 2020, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In the course of a March 2018 confrontation over a woman both were acquainted with, defendant struck the victim in the head with a meat cleaver. Defendant was soon arrested and, in August 2018, was charged in an indictment with assault in the second degree.[FN1] The August 2018 indictment was dismissed with leave to re-present the matter to a grand jury, and a new indictment was handed up in December 2018 charging defendant with the same offense. Defendant pleaded guilty to that indictment after being advised by County Court that it was making no sentencing promises and that he could receive up to seven years in prison. County Court thereafter sentenced defendant to a prison term of three years to be followed by postrelease supervision of three years. Defendant then moved pro se to vacate the judgment of conviction, and that motion was supplemented by subsequently appointed counsel. County Court denied the motion without a hearing. Defendant appeals from the judgment and, by permission, from the denial of his CPL 440.10 motion.
We affirm. Defendant argues upon his direct appeal that he received the ineffective assistance of counsel in various respects. To the extent that defendant's claims survive his guilty plea, they are unpreserved for our review in the absence of any indication that he moved to withdraw his plea despite having had ample opportunity to do so (see People v Ballard, 200 AD3d 1476, 1477-1478 [2021], lvs denied 38 NY3d 925, 927 [2022]; People v Stanley, 189 AD3d 1818, 1818 [2020]; People v Marshall, 173 AD3d 1257, 1258 [2019]; People v Allevato, 170 AD3d 1264, 1265 [2019], lv denied 34 NY3d 949 [2019]; see also People v Morales, 119 AD3d 1082, 1084 n [2014], lv denied 24 NY3d 1086 [2014]). The narrow exception to the preservation requirement is inapplicable, as defendant made no "statements during the plea colloquy or at sentencing that were inconsistent with his guilt or that otherwise called into question the voluntariness of his plea" (People v Drake, 179 AD3d 1221, 1222 [2020], lv denied 35 NY3d 941 [2020]; see People v Allevato, 170 AD3d at 1265). To the contrary, the plea colloquy contains defendant's assurances that he understood that no sentencing commitments were being made, that he had no mental issues that would prevent him from understanding the proceedings, that he had discussed all possible defenses he might have with defense counsel and was satisfied with counsel's representation, and that he was making a knowing, intelligent and voluntary decision to plead guilty.
Defendant further asserts that the sentence was harsh and [*2]excessive due to County Court's failure to take into account the impulse control problems that he supposedly developed from a 2012 traumatic brain injury.[FN2] County Court did consider that issue, however, observing that defendant's history of behavioral problems and violence began decades before the injury was sustained. County Court thereafter imposed a prison term one year above the statutory minimum (see Penal Law § 70.02 [1] [c]; [3] [c]), and we perceive no abuse of discretion or extraordinary circumstances that would warrant a reduction in that sentence (see People v Rosario, 203 AD3d 1404, 1405-1406 [2022]; People v Morehouse, 202 AD3d 1370, 1372-1373 [2022]).
Turning to the appeal from the order denying his CPL article 440 motion, defendant primarily asserts that defense counsel was ineffective in failing to seek dismissal of the December 2018 indictment on speedy trial grounds. As he failed to raise that issue in the motion, it is unpreserved for our review (see People v Ballard, 200 AD3d at 1478 n; People v Sparks, 160 AD3d 1279, 1280 [2018], lvs denied 32 NY3d 1110, 1115 [2018]). His failure to advance the issue in his motion papers leaves "the record . . . insufficient to assess whether defendant's speedy trial rights were violated, . . . whether defense counsel's failure to make a motion to dismiss on speedy trial grounds amounts to ineffective assistance of counsel" and, by extension, whether counsel assigned to provide assistance on the CPL article 440 motion should have raised it (People v Marshall, 173 AD3d at 1258; see People v Gardiner, 159 AD3d 1233, 1234 [2018], lv denied 31 NY3d 1082 [2018]; People v Obert, 1 AD3d 631, 632 [2003], lv denied 2 NY3d 764 [2004]).
To the extent that defendant continues to pursue the arguments that he actually raised in the motion papers, "[a] court may deny a CPL 440.10 motion without a hearing if '[a]n allegation of fact essential to support the motion . . . is contradicted by a court record . . ., or is made solely by the defendant and is unsupported by any other affidavit or evidence, and . . . there is no reasonable possibility that such allegation is true'" (People v Betances, 179 AD3d 1225, 1226 [2020], lv denied 35 NY3d 968 [2020], quoting CPL 440.30 [4] [d]; see People v Durham, 195 AD3d 1318, 1320 [2021], lv denied 37 NY3d 1160 [2022]). Defendant contended that defense counsel failed to facilitate his testimony before the grand jury that handed up the December 2018 indictment. The People demonstrated via documentary evidence that defense counsel did give notice of defendant's intent to testify before the grand jury, however, and that he later withdrew that notice because defendant did not wish to testify. Defendant offered nothing beyond bare assertions that defense counsel lacked his blessing to make that withdrawal or that, as required to establish an ineffective assistance claim, "the outcome would have been different had" he testified (People v McPherson, 170 AD3d 1255, 1257 [*3][2019], lv denied 33 NY3d 1071 [2019]; see People v Hogan, 26 NY3d 779, 787 [2016]). As such, defendant fell well short of demonstrating his entitlement to a hearing on that issue.
Defendant's further suggestions that defense counsel failed to properly present evidence of his traumatic brain injury or object to inflammatory comments made by the People at sentencing are contradicted by the sentencing transcript and other evidence in the record. Similarly, defendant's vague claims of inaccuracies in the presentence investigation report that defense counsel failed to address are "unsupported by the record or by any evidentiary submission other than defendant's affidavit" (People v Stacchini, 108 AD3d 866, 867 [2013]). Defendant's remaining contentions are no more persuasive and, thus, County Court did not abuse its discretion in denying the motion in its entirety without a hearing (see CPL 440.30 [4] [d]; People v Johnson, 194 AD3d 1267, 1269 [2021]).
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment and order are affirmed.

Footnotes

Footnote 1: The August 2018 indictment is referred to as an "amended" one — implying another, original one — but the records on appeal do not contain an earlier indictment or suggest that one existed.

Footnote 2: Defendant's efforts to raise the issue of whether his sentence was harsh and excessive in the context of his CPL article 440 motion are unavailing, as that issue is not "a proper subject of a CPL 440.10 motion" (People v Sloley, 179 AD3d 1308, 1313 [2020], lv denied 35 NY3d 974 [2020]).