People v Robert (2023 NY Slip Op 01213)

People v Robert

2023 NY Slip Op 01213

Decided on March 9, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 9, 2023

112710 111854 
[*1]The People of the State of New York, Respondent,
v
Gerald A. Robert, Appellant.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Danielle Neroni Reilly, Albany, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A. Douthat of counsel), for respondent.

Egan Jr., J.P.
Appeals (1) from a judgment of the County Court of Clinton County (Timothy J. Lawliss, J.), rendered November 14, 2018, convicting defendant upon his plea of guilty of the crimes of possessing an obscene sexual performance by a child and promoting an obscene sexual performance by a child, and (2) by permission, from an order of said court, entered May 5, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In September 2017, after an investigation into a tip that defendant had uploaded 23 videos depicting lewd exposure of the genitals or sexual conduct of underage girls to the Internet in December 2016, he was arrested and charged in felony complaints with possessing an obscene sexual performance by a child and promoting an obscene sexual performance by a child. In March 2018, the People made a written plea offer in which defendant would waive indictment, plead guilty to a superior court information (hereinafter SCI) charging him with those two offenses and waive his right to appeal. The People agreed in return to recommend that defendant be sentenced to concurrent terms of 1 to 3 years in prison or, if found to be a second felony offender, concurrent terms of 2 to 4 years in prison. The People further specified the maximum sentences defendant could receive depending upon his status as a first or second felony offender, namely, 1&frac13; to 4 years in prison on the possessing an obscene sexual performance by a child count and 2&frac13; to 7 years in prison on the promoting an obscene sexual performance by a child count as a first felony offender, and 2 to 4 years in prison on the possessing an obscene sexual performance by a child count and 3½ to 7 years in prison on the promoting an obscene sexual performance by a child count as a second felony offender. The People also advised that, if defendant declined the offer, they intended to seek an indictment on all possible charges against him and would request consecutive sentences if he were found guilty after trial.
At the initial appearance before County Court in August 2018, defendant waived indictment and agreed to be prosecuted by an SCI charging those crimes, but the parties were unable to agree on whether defendant's prior federal conviction rendered him a second felony offender for sentencing purposes. Following off-the-record discussions, County Court adjourned the matter and made clear that there was "no [plea] agreement." The parties engaged in further off-the-record discussions at the next court appearance that did not result in a plea agreement, but did result in an understanding as to "what the maximum sentences" would be if defendant elected to plead guilty to the SCI without a sentencing commitment. Defendant proceeded to plead guilty to the entire SCI and left sentencing to the discretion of the court. The People subsequently withdrew their request to adjudicate defendant a second felony offender, and County Court sentenced defendant [*2]to concurrent prison terms of 1&frac13; to 4 years on the possessing an obscene sexual performance by a child conviction and 2&frac13; to 7 years on the promoting an obscene sexual performance by a child conviction. Defendant appeals from the judgment of conviction and sentence and, by permission, from the denial of his subsequent CPL 440.10 motion, without a hearing.
Initially, defendant's challenges to his guilty plea as not knowing, voluntary or intelligent, and to the sufficiency of the factual allocution, are unpreserved in view of his failure to make an appropriate postallocution motion despite having ample time in which to do so prior to sentencing (see People v Conceicao, 26 NY3d 375, 381-382 [2015]; People v Peque, 22 NY3d 168, 182-183 [2013], cert denied 575 US 840 [2014]; People v Favreau, 174 AD3d 1226, 1227 [3d Dept 2019], lv denied 34 NY3d 980 [2019]). Defendant made no statements that triggered the narrow exception to the preservation requirement or obligated County Court to inquire regarding his understanding of any potential affirmative defenses (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Gumbs, 182 AD3d 701, 702-703 [3d Dept 2020], lv denied 35 NY3d 1066 [2020]). "To the extent that defendant advances an ineffective assistance of counsel claim upon his direct appeal, and that argument survives his guilty plea[ ], it is similarly unpreserved" (People v Ballard, 200 AD3d 1476, 1477-1478 [3d Dept 2021], lv denied 38 NY3d 925 [2022]; see People v Stanley, 189 AD3d 1818, 1818 [3d Dept 2020]; People v Allevato, 170 AD3d 1264, 1265 [3d Dept 2019], lv denied 34 NY3d 949 [2019]).
Defendant additionally argues upon his direct appeal from the judgment of conviction that his sentence should be reduced in the interest of justice. In view of the nature of the offenses for which he was convicted and his prior criminal history, we are unpersuaded (see People v Nelson, 196 AD3d 972, 972 [3d Dept 2021], lv denied 37 NY3d 1028 [2021]; People v Washburn, 192 AD3d 1267, 1268 [3d Dept 2021], lv denied 37 NY3d 961 [2021]).
Turning to the appeal from the order denying defendant's CPL 440.10 motion, defendant annexed his own affidavit in which he complained of trial counsel's performance, pointing to counsel's failure to review the strength of the People's case and potential defenses with him, seek suppression of the evidence recovered from his residence or his statements to police, or warn him that he might be sentenced to 2&frac13; to 7 years in prison if he elected to plead guilty to the entire SCI. Defendant's failure to provide any "affirmation from counsel [regarding those points], or an explanation for the failure to do so," would, by itself, warrant summary denial of the motion (People v Wright, 27 NY3d 516, 522 [2016]; accord People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022]).
In any event, defendant offered nothing to support his speculation that trial counsel had not properly investigated the [*3]case against him to assess whether there were any viable suppression issues or defenses and, indeed, he acknowledged during the plea colloquy that he was knowingly giving up the right to challenge the evidence against him by pleading guilty. Defendant's conclusory assertion that he did not have sufficient discussions about the case with trial counsel prior to pleading guilty was belied by the plea colloquy, in which he acknowledged that he did have enough time to discuss the matter with his attorney, that his attorney had answered all of his questions, and that he was satisfied with the help and information that he had been provided. His related assertion that he was misled by trial counsel into thinking that he would receive a lesser sentence is similarly contradicted by the record since, even if trial counsel did tell defendant that he "could get less" than the sentence contemplated under the People's plea offer if he pleaded guilty to the entire SCI, defendant was made aware of his sentencing exposure and, during the plea colloquy, acknowledged that he was "leav[ing] sentencing to the [c]ourt."[FN1] Defendant's claim that he received less than meaningful representation was, in other words, "made 'solely by . . . defendant and is unsupported by any other affidavit or evidence' and, in view of the court record, 'there is no reasonable possibility that such allegation is true' " (People v Betances, 179 AD3d 1225, 1226 [3d Dept 2020], lv denied 35 NY3d 968 [2020], quoting CPL 440.30 [4] [d]). In view of the foregoing, and given the absence of anything else in the record before us that would support defendant's claims of ineffective assistance, County Court properly denied defendant's motion without a hearing (see People v Stuber, 205 AD3d 1147, 1150 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; People v Stanley, 189 AD3d at 1819-1820; People v Betances, 179 AD3d at 1226).
Lynch, Aarons, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: To the extent that defendant's argument can also be read as a claim that trial counsel was ineffective in his assessment that defendant would likely receive a lesser sentence if he pleaded guilty to the SCI rather than accepting the People's plea offer with its sentencing recommendation, defendant failed to "demonstrate the absence of strategic or other legitimate explanations for" that assessment (People v Rivera, 71 NY2d 705, 709 [1988]; see People v Nicelli, 121 AD3d 1129, 1130 [2d Dept 2014], lv denied 24 NY3d 1220 [2015]).