People v Hinds (2023 NY Slip Op 03265)

People v Hinds

2023 NY Slip Op 03265

Decided on June 15, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 15, 2023

112560 112700 
[*1]The People of the State of New York, Respondent,
v
Corey Hinds, Appellant.

Calendar Date:May 4, 2023

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Ceresia, JJ.

Bruce E. Knoll, Albany, for appellant, and appellant pro se.
Paul Czajka, District Attorney, Hudson (James A. Carlucci of counsel), for respondent.

Egan Jr., J.
Appeals (1) from a judgment of the County Court of Columbia County (Jonathan D. Nichols, J.), rendered September 20, 2018, convicting defendant upon his plea of guilty of the crimes of rape in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree, and (2) by permission, from an order of said court, entered February 3, 2021, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
On February 4, 2017, police received a report that defendant had raped the victim that afternoon at his mother's residence in the City of Hudson, Columbia County. A police sergeant contacted defendant's mother to request her consent to process the residence for evidence, and she agreed to meet the sergeant there. The sergeant arrived first, and defendant answered the door and stated that he had been sleeping on the couch. Defendant's mother arrived while they were speaking and demanded to know "who touched that girl," after which defendant admitted to having sex with the victim but added, unprompted, that "[n]obody raped" her. Defendant was detained and transported to the police station for questioning. Defendant's mother consented to a search of the residence and claimed that defendant did not have a bedroom there; during a walk-through of the residence, however, the sergeant observed a digital scale and what appeared to be crack cocaine, as well as defendant's identification card, on top of a television stand in a bedroom. A search warrant was thereafter obtained, and the search recovered, among other things, a used condom in a trash can in that bedroom, a quantity of what proved to be crack cocaine, and a loaded Glock 32 .357 caliber pistol under a cushion of the couch defendant was sleeping on when the sergeant initially arrived.
Defendant was charged by felony complaint with various offenses and, on February 9, 2017, he executed a written waiver of both his right to a preliminary hearing and his statutory and constitutional right to a speedy trial (see CPL 30.20, 30.30). On March 16, 2018, an indictment was handed up charging defendant with rape in the first degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal possession of a weapon in the third degree. Following an unsuccessful effort to suppress statements he made to investigators after an arrest that he claimed violated Payton v New York (445 US 573 [1980]), defendant pleaded guilty to the indictment upon the understanding that he would be sentenced, as a second felony offender, to a prison term of 17 years and postrelease supervision of five years on the rape conviction and lesser concurrent prison terms on the remaining convictions. Defendant also agreed to waive his right to appeal. County Court thereafter [*2]sentenced defendant in accordance with the plea arrangement. Defendant appeals from the judgment of conviction and sentence and, by permission, from the denial of his subsequent CPL article 440 motion without a hearing.[FN1]
We affirm. At the outset, defendant claims upon his direct appeal that his plea was rendered involuntary by the ineffective assistance of counsel, but that issue is "unpreserved for our review in the absence of any indication that he moved to withdraw his plea despite having had ample opportunity to do so," and the record does not reflect that defendant made any statements during the plea colloquy or at sentencing that implicated the narrow exception to the preservation requirement (People v Stuber, 205 AD3d 1147, 1148 [3d Dept 2022], lv denied 38 NY3d 1136 [2022]; see People v Robert, 214 AD3d 1085, 1086-1087 [3d Dept 2023]; People v Ballard, 200 AD3d 1476, 1477-1478 [3d Dept 2021], lv denied 38 NY3d 925 [2022]). To the extent that defendant advances a challenge to the sufficiency of the evidence upon direct appeal, that argument is foreclosed by his guilty plea (see People v Fisher, 28 NY3d 717, 722 [2017]; People v Taylor, 65 NY2d 1, 5 [1985]).
Next, defendant's argument that County Court abused its discretion in rejecting his pretrial request for substitution of his assigned counsel is unpreserved given his failure to move to withdraw his plea (see People v Morehouse, 140 AD3d 1202, 1203 [3d Dept 2016], lv denied 28 NY3d 934 [2016]). In any event, the basis offered by defendant for that request amounted to communication difficulties — which counsel advised County Court were the result of defendant's failure to show up for scheduled meetings or return telephone calls — defendant's discomfort with counsel's work as an assistant district attorney years earlier, and defendant's generalized concern that counsel did not have his "best interests in mind." Those assertions did not suggest that good cause for substitution, such as irreconcilable differences or a conflict of interest, existed, nor did they "trigger the need for an inquiry into whether good cause existed," and it follows that County Court properly denied defendant's request (People v Mitchell, 129 AD3d 1319, 1321 [3d Dept 2015], lv denied 26 NY3d 1041 [2015]; see People v Linares, 2 NY3d 507, 511-512 [2004]; People v Toledo, 144 AD3d 1332, 1333-1334 [3d Dept 2016], lv denied 29 NY3d 1001 [2017]).
Defendant also argues that the preindictment delay of 13 months violated his constitutional right to a speedy trial. This right can be waived, and the record reflects that defendant did waive it in the preliminary hearing and speedy trial waiver that he executed in February 2017 (see People v Rodriguez, 50 NY2d 553, 557 [1980]; People v White, 32 NY2d 393, 399 [1973]; see also CPL 30.20; People v Jordan, 62 NY2d 825, 826 [1984]). We add that, even if defendant had not waived his right to advance the speedy trial argument, it would still be unpreserved given his failure to move [*3]to dismiss the indictment on speedy trial grounds (see People v Griner, 207 AD3d 892, 892 [3d Dept 2022]; People v Fay, 154 AD3d 1178, 1180 [3d Dept 2017], lv denied 30 NY3d 1115 [2018]; cf. People v Regan, ___ NY3d ___, ___, 2023 NY Slip Op 01353, *3 [2023]). The remaining arguments advanced by defendant in his pro se supplemental brief relating to his direct appeal are foreclosed by his guilty plea, his unchallenged appeal waiver or both.
We accordingly turn to the appeal from the order denying defendant's pro se CPL article 440 motion, in which defendant claimed that he was actually innocent of the crimes for which he pleaded guilty and advanced arguments relating to the ineffective assistance of counsel and prosecutorial misconduct. "To the extent that defendant's motion to vacate is predicated upon his claim of actual innocence, we note that vacatur of a judgment of conviction on this ground is expressly conditioned upon the existence of a verdict of guilt after trial and defendant's plea of guilty therefore forecloses relief upon this ground" (People v Lamb, 162 AD3d 1395, 1397 [3d Dept 2018] [internal quotation marks, emphasis, brackets and citations omitted], lv denied 32 NY3d 1112 [2018]; see CPL 440.10 [1] [g]; People v Vittengl, 203 AD3d 1390, 1392 [3d Dept 2022]). In any event, the proof cited by defendant falls well short of "clear and convincing evidence of 'factual innocence, not mere legal insufficiency of evidence of guilt,' " as required (People v Mosley, 155 AD3d 1124, 1125 [3d Dept 2017], lv denied 31 NY3d 985 [2018], quoting People v Hamilton, 115 AD3d 12, 23 [2d Dept 2014]). Defendant pointed out, for instance, that DNA evidence recovered after the incident suggested that the victim had sex with another male, but that fact was irrelevant since defendant himself admitted that he also had sex with the victim and the only question was whether that sex had been consensual. Further, although defendant's mother claimed that he did not have a bedroom at the residence and that the loaded handgun recovered there was hers, in view of the facts that the digital scale, crack cocaine and used condom with defendant's DNA were found in a bedroom along with his identification, as well as that the handgun was recovered from the couch where he was sleeping when the first responding investigator arrived, the claims of his mother were far from conclusive.
As for ineffective assistance, the arguments in defendant's motion papers essentially involve counsel's alleged failure to investigate the foregoing proof and discuss it with defendant, as well as counsel's failure to seek dismissal of the indictment on constitutional speedy trial grounds. With regard to the purported failure to investigate the matter and discuss it with defendant, defendant offered nothing aside from his own, unsworn account of defense counsel's representation, and his "failure to provide any 'affirmation from counsel regarding those points, or an explanation for the failure [*4]to do so,' " warranted summary denial of that part of the motion (People v Robert, 214 AD3d at 1087 [brackets omitted], quoting People v Wright, 27 NY3d 516, 522 [2016]; see People v Hatcher, 211 AD3d 1236, 1239 [3d Dept 2022], lv denied 39 NY3d 1078 [2023]; People v Clark, 209 AD3d 1063, 1066 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]). Defendant's motion papers were further devoid of any explanation as to why 13 months passed between his arrest and his indictment — or, for that matter, any discussion of the February 2017 document in which defendant waived his speedy trial rights — and were therefore insufficient to assess both "whether defendant's speedy trial rights were violated . . . [and] whether defense counsel's failure to make a motion to dismiss on speedy trial grounds amounts to ineffective assistance of counsel" (People v Marshall, 173 AD3d 1257, 1258 [3d Dept 2019]). What the record does reflect is that defendant pleaded guilty to the indictment after receiving a sentencing commitment from County Court that significantly limited his sentencing exposure and that, during the ensuing plea colloquy, defendant confirmed that he understood that he was giving up his right to raise any "pretrial matters which [he] could assert," as well as his right to a jury trial, and that he had sufficient time to discuss the plea arrangement with counsel and was satisfied with his representation. Accordingly, in the absence of any showing that a hearing on defendant's ineffective assistance claim was needed, County Court properly rejected it without one (see CPL 440.30 [4] [b], [d]; People v Clark, 209 AD3d at 1066; People v Podeswa,205 AD3d 1139, 1142 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]).
Finally, defendant's claims of prosecutorial misconduct are similarly "supported only by [his] self-serving [and unsworn] affidavit and, upon reviewing the record as a whole, we are satisfied that there is no reasonable possibility that such allegations are true" (People v Crampton, 201 AD3d 1020, 1024 [3d Dept 2022], lv denied 37 NY3d 1160 [2022]; accord People v Rubert, 206 AD3d 1378, 1381 [3d Dept 2022], lv denied 39 NY3d 942 [2022]; see CPL 440.30 [4] [d]). Thus, County Court properly denied defendant's CPL article 440 motion without a hearing.
Garry, P.J., Clark, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment and the order are affirmed.

Footnotes

Footnote 1: Defendant complains that defense counsel failed to file a timely notice of appeal from the judgment of conviction and sentence, but defendant himself did, and any omission by counsel "did not cause defendant to lose the right to appeal" as a result (People v Saylor, 132 AD3d 1018, 1019 n [3d Dept 2015]).